IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HENRY DAVIS JONES, #226 148, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3: 09-CV-1158-TMH |
| | )                    [WO] |
| WARDEN LEON FORNISS, *et al*., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Henry Jones, a state inmate in the custody of the Alabama Department of Corrections, is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on December 12, 2009.[1] On November 6, 2002 Jones entered guilty pleas to murder and attempted murder in the Circuit Court for Lee County, Alabama. He was sentenced the same day to life imprisonment with the possibility of parole. Jones did not appeal his convictions.

Jones filed the instant petition alleging that he is being held illegally in the custody of the State of Alabama. In support of this allegation, Jones asserts that after he was

---

[1] Although the present petition was stamped "filed" in this court on December 23, 2009, the petition was signed by Jones on December 12, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Jones] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers December 12, 2009 as the date of filing.

sentenced by the Circuit Court for Lee County he was transferred to the custody of the Alabama Department of Corrections to begin serving his term of imprisonment. Thereafter, in June of 2007:

> Jones was transferred to Louisiana to serve his sentence at a private prison - Louisiana Correctional Service per order of the Commissioner of the Alabama Department of Corrections. The transfer of Jones to a private prison in Louisiana violat[ed] the trial court's sentencing order (the court's sentencing order mandated Jones serve his sentences in a penitentiary governed by the State of Alabama) and violated section 13A-5-8 Alabama Code 1975. . . There was no law in this state (Alabama) authorizing the Commissioner to transfer state inmates to a private prison in Louisiana to serve a sentence by the courts of the State of Alabama when Jones was transferred to Louisiana.

(*Doc. No. 1 at pg. 6*.)

In accordance with the orders of this court, Respondents filed an answer and supplemental answer in which they argue that Jones' petition for habeas corpus relief is due to be denied because it is without merit. (*Doc. No 12*.) Based on Respondents' answer, the court entered an order granting Jones an opportunity to file a response and he did so. (*Doc. Nos. 13*, *14*) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Jones's § 2254 petition for writ of habeas corpus relief is due to be denied.

## I. DISCUSSION

Jones filed a Rule 32 petition in the Circuit Court for Lee County on September 17, 2007 in which he presented his allegation that his transfer to a private correctional facility

in Louisiana divested the Alabama Department of Corrections' custody over him and effectively ended his sentence ["EOS"]. On January 16, 2008 Jones filed notice of appeal from the trial court's December 10, 2007 order denying his petition. The Alabama Court of Criminal Appeals affirmed the lower court's judgment on June 13, 2008 noting that it had previously addressed and rejected an argument identical to Jones' in *Mills v. State*, 12 So.3d 718 (Ala.Crim.App. 2007). The Alabama Supreme Court issued a certificate of judgment on April 10, 2009. (*Doc. No. 8, Exhs. A, A-1, A-2.*)

"Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). "Incarceration in a private prison does not change this analysis because state prison facilities have never 'been exclusively public.' *Richardson v. McKnight,* 521 U.S. 399, 405, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) (discussing history of private penal institutions)." *Rhodes v. Fletcher*, 2005 WL 3003478 (E.D. Ky. 2005). Additionally, as the Alabama Court of Criminal Appeals noted in *Mills*, "[a] prisoner has a legally protected interest in the conduct of his keeper but not in his keeper's identity." 12 So.3d at 720 (internal quotations and citations omitted).

Here, Jones' contention that the Alabama Department of Corrections' conduct in transferring him to an out-of-state private prison facility constituted a waiver of jurisdiction and resulted in the end of the sentence imposed on him by the Circuit Court of Lee County

is meritless. Jones has failed to demonstrate that state law prohibits the State of Alabama from contracting with out-of-state private penal facilities to house inmates and the court is unaware of any such prohibition. Because the State of Alabama did not lose jurisdiction over Jones when it transferred him to a private prison facility in Louisiana, his claim that his current confinement is illegal is without merit and due to be dismissed. *See Evans v. Holm*, 114 S. Supp.2d 706 (W.D. Tenn. 2000) (no waiver of jurisdiction found upon transfer of inmate from convicting state to a private correctional institution in another state pursuant to a contract between the convicting state and private institution).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Henry Jones be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **April 19, 2012** the parties may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of April 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE